UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-08197 AB (GJSx) | Date: | May 11, 2017 |
|---|---|---|---|

| Title: | Emil Gasumyan v. Travelers Casualty Insurance Company of America, et al. |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Ingrid Valdes | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>DENYING</u> MOTION FOR REMAND

Before the Court is a Motion for Remand filed by Plaintiff Emil Gasumyan ("Plaintiff"). (Dkt. No. 23.) Defendant Travelers Casualty Insurance Company of America ("Defendant") filed an Opposition. Plaintiff filed an untimely Reply that the Court nevertheless considered. The Motion is appropriate for disposition without oral argument so the hearing set for May 15, 2017 is hereby **VACATED**. *See* Fed. R. Civ. Proc. 78, Local Rule 7-15. The Court **DENIES** the motion.

### DISCUSSION

This matter arises out of an insurance contract between Plaintiff and Defendant Travelers. Plaintiff submitted a claim to Travelers for coverage for damage to his bakery after it was broken into and vandalized. FAC ¶ 15. Travelers denied the claim on the ground that the insurance policy was not in effect on the day of the incident. FAC ¶ 18. Plaintiff filed a Complaint in state court asserting three state law causes of action against Travelers. Travelers removed the action based on diversity jurisdiction and then filed a

motion to strike portions of the Complaint. Plaintiff then filed a First Amended Complaint ("FAC," Dkt. No. 11) that purported to add Pavel Arestov as a defendant and adds a fourth cause of action, for negligent misrepresentation. Plaintiff now moves to remand on the ground that the addition of Arestov destroyed diversity jurisdiction.

First, the motion lacks a statement of compliance with Local Rule 7-3 and on that basis alone should be denied.

Second, the motion also fails on its merits. Plaintiff's argument that adding non-diverse defendant Pavel Arestov destroyed diversity fails for several reasons. The FAC did not effectively add Arestov as a defendant: he is not named on the face page of the FAC, nor is he identified on the docket. Thus, for all intents and purposes, Arestov has not been "added" as a defendant. Furthermore, Plaintiff did not seek the issuance of a summons from the Court, as required to serve Arestov with process. Also, under Fed. R. Civ. Proc. 4(m), Plaintiff should have served Arestov with the FAC within 90 days of filing it; Plaintiff filed the FAC on November 27, 2016, so the 90 day deadline to serve passed on February 27, 2017 and no proof of service for Arestov is on the docket. Thus, even assuming Plaintiff had properly "added" Arestov as a defendant, their failure to serve Arestov would have prompted the Court to issue an order to show cause why Arestov should not be dismissed for Plaintiff's failure to prosecute. Even after Defendant pointed out these defects in its April 21, 2017 opposition, Plaintiff has not remedied them. Finally, Plaintiff has not shown why joinder is appropriate under 28 U.S.C. 1447(e). Indeed, all of the factors relevant to the analysis of whether to permit joinder of a non-diverse party who would defeat federal jurisdiction weight against joinder. *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (discussing factors). The Court therefore rejects Plaintiff's attempt to join Arestov.

All of the foregoing also reinforces what is clear from the FAC itself: that Arestov is a sham defendant whom Plaintiff sought to add as a tactic to defeat diversity jurisdiction. A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not imply any intent to deceive on the part of a plaintiff or his counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) *aff'd* 710 F.2d 549 (9th Cir. 1983) *impliedly overruled on other grounds in Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990). The relevant inquiry is whether the plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is "obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339 (emphasis added); *see also Morris*, 236 F.3d at 1067.

Here, Arestov's joinder was fraudulent because the FAC does not and cannot state a cause of action against Arestov. The FAC alleges that "Arestov was the 'claims professional' assigned and employed by Travelers Insurance to this case." FAC ¶ 4. The FAC's only other allegation as to Arestov appears in the fourth cause of action, for negligent misrepresentation: "Defendants, including Travelers Insurance and Defendant Arestov, represented to Plaintiff that an important fact was true." FAC ¶ 42. The FAC does not allege any specific conduct by Arestov – no other factual allegations are connected to him. The FAC makes clear that insofar as Arestov was involved in the misconduct alleged, it was as an employee of Travelers for which Travelers, and not Arestov personally, may be held liable.

Because Arestov was fraudulently joined (if at all), his citizenship is disregarded for purposes of diversity jurisdiction. Because the Plaintiff is diverse from Defendant Travelers, and the amount in controversy exceeds $75,000, diversity jurisdiction exists.

## CONCLUSION

Plaintiff's motion for remand is therefore **DENIED**.

**IT IS SO ORDERED.**